IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LOUIS S. MCKNIGHT,** | : | |
| *Plaintiff* | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | **No. 18-5487** |
| **OFFICER MOHAMAN,** *et al.*, | : | |
| *Defendants* | : | |

## MEMORANDUM

PRATTER, J.                       SEPTEMBER 21, 2020

Louis McKnight, proceeding *pro se*, filed this action alleging violations of the First and Fourteenth Amendments by various correctional officers allegedly employed by the Philadelphia Department of Prisons while he was incarcerated at Curran-Fromhold Correctional Facility (CFCF).[1] Mr. McKnight was granted leave to proceed *in forma pauperis*. Doc. No. 8. Pending before the Court is Mr. McKnight's motion for appointment of counsel. For the reasons that follow, the Court denies the motion and dismisses the complaint with leave to amend.

### I. *Sua Sponte* Screening

Prior to addressing the pending motion, the Court is obligated to conduct a screening of a *pro se* complaint seeking redress against government officials. Section 1915 requires the Court to dismiss the case at any time if the Court determines that the action is frivolous, malicious, or fails

---

[1] Mr. McKnight is currently incarcerated at the State Correctional Institution in Dallas, Pennsylvania. He brings this action against five named individual Defendants and the City of Philadelphia. The Court previously mooted the City's motion and directed the Clerk of Court to add the City for purposes of service only. Doc. No. 22. In its motion to dismiss, the City noted that Mr. McKnight's summons to all the individuals were returned unexecuted on April 2, 2019. Doc. No. 15. The summons to Lieutenant Gang Jimmy, Officer Mohaman, and Lieutenant Vargus were returned unexecuted "because no person with any of those last names is employed by PDP." The summons to Officer Brown and Sergeant Robinson were returned unexecuted because multiple people at PDP share those last names and it was not possible to identify whom Plaintiff intended to sue. To date, none of the individual Defendants have been served.

1

to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Grant v. Cent. Intel. Agency*, No. 19-CV-5607, 2020 WL 247531, at *2 (E.D. Pa. Jan. 16, 2020) (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

The legal standard for dismissing a complaint for failure to state a claim under Section 1915 is the same as that for dismissing under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120 (3d Cir. 2012). The Third Circuit instructs the reviewing court to conduct a two-part analysis. First, any legal conclusions are separated from the well-pleaded factual allegations and disregarded. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). Second, the court determines whether the facts alleged establish a plausible claim for relief. *Id.* at 211. If the court can only infer "the mere possibility of misconduct," the complaint has failed to show an entitlement to relief. *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). As Mr. McKnight is proceeding *pro se*, the Court construes his complaint liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Mr. McKnight filed a Section 1983 claim for violations of his rights under the First and Fourteenth Amendments. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). The First Amendment, applicable to the states via the Fourteenth Amendment, provides, in part, that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof...." U.S. Const., amend. I.

Accepting facts as true and construing his complaint liberally, Mr. McKnight alleges that he was denied access to the CFCF prison chapel, that Christians were discriminated against, and

that he was retaliated against for filing a grievance against certain officers. Mr. McKnight contends officers on the second shift delayed opening his cell so that, by the time he arrived at chapel, officers were no longer issuing passes to enter. To the extent Mr. McKnight brings a First Amendment Free Exercise challenge, he fails to state a plausible claim. In order to state a plausible claim, Mr. McKnight must allege a "substantial burden" on the exercise. *Thomas v. Rev. Bd.*, 450 U.S. 707, 718 (1981). Prisoners' free exercise rights, however, are lessened by virtue of incarceration. Legitimate penological interests must be factored when evaluating the constitutionality of government conduct. *Turner v. Safley*, 482 U.S. 78, 89 (1987); *Oliver v. GD Corr. Food Serv., LLC.*, No. CV 19-5084, 2019 WL 6455211, at *2 (E.D. Pa. Nov. 27, 2019).

Construing Mr. McKnight's allegations liberally, the complaint fails to show a substantial burden to his free exercise right. Church service at CFCF is offered daily from 10:00 a.m. to 11:30 a.m. and from 8:00 p.m. to 9:30 p.m. Doc No. 2 (Compl.) at 16. Mr. McKnight admits that he attended church "all the time; [and] in the morning and evening [ ] would attend Bible Study," and he "never ever ha[d] a problem going to Church" during the first shift. *Id.* at 16. Despite his admitted daily attendance at services, Mr. McKnight alleges Officers Mohaman[2] and Brown, who worked the second shift, were slow to unlock his cell when evening Church services were announced over the loudspeaker. *Id.* at 17. As a result, he was not one of the first five inmates to sign the Church list and receive entry. *Id.* He also acknowledges that he was once denied entry after Lieutenant Gang Jimmy asked him whether he had already attended church that day; when Mr. McKnight replied yes, the officer told him to "give someone else a chance." *Id.* at 17. The complaint does not allege any details regarding Sergeant Robinson and Lieutenant Vargus'

---

[2] Officer Mohaman's name is spelled differently throughout the complaint. And despite Officer Mohaman playing a central role in the events Mr. McKnight details, the City has been unable to locate any officer by that name.

involvement. Collectively, these admissions suggest Mr. McKnight's exercise of religious freedom was minimally burdened. Rather, as the complaint details, officers issued a limited number of passes per chapel session and gave priority to prisoners who had not yet attended that day. Accordingly, Mr. McKnight has failed to plead a substantial burden on his ability to practice his religion. *See Gannaway v. Berks Cty. Prison*, 439 F. App'x 86, 90 (3d Cir. 2011).

Nor does the present version of the complaint state an equal protection claim. Mr. McKnight's allegation of religious discrimination is plead in conclusory terms without any supporting facts: Mr. McKnight alleges that he was denied access to the chapel because Officer Mohaman, who allegedly is Muslim, and Officer Brown "play favorite[] to the Muslims." Compl. at 7, 17. "Generally, prison officials cannot discriminate against inmates of different religions." *Marshall v. Pa. Dep't of Corr.*, 2015 WL 1224708, at *14 (M.D. Pa. Mar. 17, 2015), *aff'd*, 690 F. App'x 91 (3d Cir. 2017). "To state a claim for race- or religion-based discrimination, [a prisoner] need[s] to show specifically that he received different treatment from that received by other similarly situated inmates." *Faruq v. McCollum*, 545 F. App'x 84, 87 (3d Cir. 2013). Standing alone, the allegation that a prison official may be of a different faith is insufficient to state a claim against Officer Mohaman, let alone the other Defendants—if any—against whom Mr. McKnight also brings this claim. *See* Fed. R. Civ. P. 8(a). Nor does Mr. McKnight offer any facts to demonstrate a significant disparity in treatment between religious groups. *Id.*

Finally, Mr. McKnight alleges the individual Defendants retaliated against him for his filing of a grievance. A prisoner litigating a retaliation claim must show (1) that he was engaged in constitutionally protected conduct, (2) that he "suffered some adverse action at the hands of the prison officials" sufficient to deter a person of ordinary firmness from exercising his constitutional rights; and (3) that the protected activity was "a substantial or motivating factor" in the prison

4

officials' decision to take the adverse action." *Rauser v. Horn*, 241 F.3d 330, 333-34 (3d Cir. 2001). Mr. McKnight alleges he filed a grievance related to Officers Mohaman and Brown's alleged preferential treatment to Muslim inmates and "unprofessional" behavior. Compl. at 17. Mr. McKnight's allegations satisfy the first element: filing a grievance against prison officials is conduct protected by the First Amendment. *See Jones v. Davidson*, 666 F. App'x 143 (3d Cir. 2016).

To satisfy the second element, Mr. McKnight must show he suffered some "adverse action" by the prison officials. Two days after filing his grievance, while Officer Mohaman was on duty, Sergeant Robinson handcuffed Mr. McKnight and his cellmate, their cell was searched, and they were ultimately transferred to a different cell within the prison. Compl. at 17. Mr. McKnight claims he was later fired from his position as Chapel aide and that his commissary went missing but does not allege that any of the named Defendants were involved. *Id.* at 18. Finally, Mr. McKnight alleges he later learned from other prison officials that Officer Mohaman had accused him of plotting to "jump" her at the chapel. *Id.* at 9, 18.

A false misconduct charge because a prisoner filed a grievance may be sufficient to state a retaliation claim. *Thomas v. McCoy*, 467 F. App'x 94, 96 (3d Cir.2012) ("[F]alse misconduct reports may constitute a constitutional violation 'when they are instituted for the sole purpose of retaliating against an inmate for his...exercise of a constitutional right'"); *Mitchell v. Horn*, 318 F.3d 523 (3d Cir. 2003). However, the Court notes that Mr. McKnight does not allege that Officer Mohaman—or any Defendant—filed a false misconduct report. Mr. McKnight does not allege that any proceedings were initiated against him. Nor does he claim Officer Mohaman ordered the search, searched his cell, or directed the transfer. And, the complaint acknowledges that his cellmate, who did not file a grievance, was subjected to the same search and transfer, and that other

5

cells were "randomly searched" that evening. Compl. at 17. In its present version, the complaint fails to state a retaliation claim against Officer Mohaman.

As to the remaining Defendants: Mr. McKnight alleges Sergeant Robinson searched his cell but does not provide any facts establishing his grievance was a "substantial or motivating factor" in the action taken by Sergeant Robinson. Indeed, Mr. McKnight acknowledges that other cells were "randomly searched" that evening. *Id.* The complaint also fails to allege any adverse action by Lieutenants Gang Jimmy and Vargus sufficient to state a claim of retaliation: Mr. McKnight alleges only that "Lieutenant Gang Jimmy and Lieutenant Vargos was [sic] standing there" when Mr. McKnight learned of the plot to assault Officer Muhanam [sic]. *Id.* at 18. Mr. McKnight does not specify who informed him of the accusation, or any other facts to otherwise involve these two Defendants in the alleged retaliation. He does not allege they searched his cell or were involved in his move to a new cell. Last, Mr. McKnight fails to allege Officer Brown's personal involvement at all. Because Mr. McKnight does not causally link these Defendants to the alleged adverse action, this Complaint does not sufficiently plead a retaliation claim against them. Accordingly, the Court will dismiss the retaliation claims against these Defendants. *See Medina v. Kuykendall*, No. CV 16-6404, 2017 WL 2791173, at *3 (E.D. Pa. June 27, 2017).

Nonetheless, the Court is mindful that Mr. McKnight, given his *pro se* status, should be granted an opportunity to amend his complaint. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 113-14 (3d Cir. 2002). Accordingly, the Court dismisses the complaint without prejudice and grants Mr. McKnight 45 days to file an amended complaint to cure the defects outlined here. An order consistent with the memorandum follows.

## II. Motion for Appointment of Counsel

Before exercising its discretion to appoint counsel to civil litigants, the Court must determine whether the Plaintiff's claim has "some merit in fact and law." *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1992). For the reasons stated above, the Court denies Mr. McKnight's motion for appointment of counsel. Should Mr. McKnight choose to amend his complaint to cure the defects identified here, the Court is willing to re-consider the motion and may appoint counsel later, if warranted. 28 U.S.C. § 1915(d); *Tabron*, 6 F.3d at 153.

BY THE COURT:

/s/ Gene E.K. Pratter

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE